BAKER v. NEW YORK, N. H. & H. R. CO.

(Circuit Court, S. D. New York. May 10, 1900.)

NEW TRIAL—EFFECT OF SPECIAL FINDING.

The fact that a special finding by a jury is against the weight of evidence does not afford ground for setting aside its general verdict, where it is not inconsistent therewith, and where there is ample evidence to sustain the general verdict, outside of the question to which the special finding relates.

On Motion by Defendant to Set Aside Verdict and for a New Trial.

Henry W. Taft, for the motion.
John J. Crawford, opposed.

LACOMBE, Circuit Judge. There was abundant evidence in the case to sustain the general verdict under the rule laid down by the court of appeals. It would not be at all difficult to enumerate several particulars in which the jury might well have reached the conclusion that defendant had not "observed the utmost caution characteristic of very careful, prudent men." In addition to the general verdict, however, the jury answered a special question, framed by the defendant and put at its request. The question is:

101 F.—35

"After the boom of the derrick or its attachments had begun moving towards the track, could the train have been slowed down or stopped after coming in sight in time to avoid the accident?"

This question did not itself cover the whole case, nor was it coupled with other questions, covering the remaining issues submitted to the jury. The answer to the question was against the weight of evidence, but such answer in no way conflicts with the general verdict. Of course, if the jury had found a general verdict for the defendant, and answered the question as they did, the whole verdict would have to be set aside. In the authorities cited by defendant there was either some inconsistency between the special finding and the general verdict, or else it was manifest that the general verdict was induced by the erroneous answer to the special question. Such is not the case here. If defendant had supplemented his question by others covering the more important part of the case, the one most dealt on in the charge, he would, by securing answers to all, have accomplished what by the single question he has failed to do, viz. discovered precisely how the jury reached their general verdict. But he has not done so, and we have a general verdict abundantly sustained by proof, even if everything bearing on the precise question submitted were eliminated from the case. The proper practice in such cases is well set forth in Staser v. Hogan, 120 Ind. 207, 227, 21 N. E. 911, and 22 N. E. 990. The motion is denied.